JOHN F. KELLY v. PIONEER PRESS COMPANY.[1]

April 28, 1905.

No. 14,292—(106).

**Avoidance of Release on Ground of Fraud.**

Where a release of damages embracing the subject-matter in a legal controversy is sought to be avoided upon the ground of fraud, it is necessary to show intentional misrepresentations (scienter), and the failure to do so is fatal to the claims of the party relying upon the alleged fraud.

Appeal by plaintiff from an order of the district court for Ramsey county, Jaggard, J., denying a motion for a new trial, after a trial and directed verdict in favor of defendant. Affirmed.

*John F. Kelly,* pro se.

*Frederick G. Ingersoll* and *Charles A. Hart,* for respondent.

LOVELY, J.[2]

The parties to this action entered into a contract under the terms of which defendant was to publish for plaintiff copies of the lawbook

[1] Reported in 103 N. W. 330.
[2] Jaggard J., having presided at the trial, did not sit.

known as "Kelly's Index Digest to the Laws of the State of Minnesota," and, after sales had realized the cost and expenses of publication, was to turn over to the author the electrotype plates it had manufactured for that purpose. Differences arose in the progress of the publication, which led to a suit, instituted by plaintiff against defendant, in which the former sought an accounting for the balance alleged to be due in excess of moneys received on sales of the Digest, and also claimed a delivery to plaintiff, or upon his order, of the electrotype plates, used in producing the book, which defendant had agreed to turn over in a perfect condition. Issue was joined in this action, and afterwards a settlement had, which is expressed in an agreement, in the form of a receipt executed by plaintiff and delivered to defendant. It was in these words:

> Received of the Pioneer Press Company, the sum of $129.24 in full settlement of the above entitled action instituted by the undersigned against said company, by bill of complaint and summons served March 31, 1903, and of all the matters and things in said bill contained, and said action is hereby dismissed. This receipt and payment is intended in full settlement of all claims existing in favor of the undersigned against the said Pioneer Press Company by reason of that certain contract for the publication of the book known as "Kelly's Digest" and all the matters and things arising therefrom.

Plaintiff accepted the amount named in this receipt, and directed that the electrotype plates be delivered to a third party for his use.

In the present action, which was thereafter brought by plaintiff, after introductory allegations in the complaint, an agreement is alleged whereby defendant was to manufacture and deliver to plaintiff, for the consideration of $227.15, four hundred twelve electrotype plates carefully packed and boxed. It is further set forth that defendant, in violation of its promises previously made, delivered damaged and worthless plates to plaintiff, giving specific descriptive characterizations of the defects, with a claim for damages sustained and interest, with a demand for special damages for the loss of sales of Kelly's Digest, as well as for time and money expended. The defendant answered, denying the making of the contract, alleged the com-

94 M.—29

mencement of the action for an accounting, and an adjustment of matters arising out of the previous connection between the parties. As a distinctive ground of defense in this suit, defendant also set forth that the matters involved in the pending action had been duly settled and dismissed, that a release had been executed and delivered by plaintiff to defendant in evidence thereof, that the money agreed to be paid had been accepted by plaintiff and the electrotype plates turned over. Plaintiff in reply admits the settlement as an alleged accord and satisfaction, but sets forth that the same was procured and obtained by defendant through false and fraudulent concealment of the truth of the facts as to the damaged character of the plates. The cause was tried to the court and a jury. At the close of the testimony a verdict was directed in favor of defendant. There was a motion for a new trial, which was denied. From this order plaintiff appeals.

In construing the terms of the agreement of settlement of the first action, it must be held broad enough to cover and embrace any claim which the plaintiff could make against defendant for its failure to turn over to plaintiff the property of the latter, including the delivery of perfect electrotype plates. Conceding such to have been the obligation of the defendant to the plaintiff, this was within the terms of its contract for the publication of the Digest, and it is not possible to interpret the agreement of settlement, though in terms it is called a "receipt," so as to exclude from its scope and purpose the differences that had arisen between the parties arising from the publication of plaintiff's book. This seems to be practically conceded in plaintiff's reply, under the terms of which no other view can be given to the admissions of plaintiff than that it was executed as a complete accord and satisfaction of the claim in this present action, where it is attempted to avoid the consequence of such agreement by the contention, under facts well pleaded, that it was obtained through deception and fraud. At the trial of the cause the plaintiff wholly failed to show that any deception had been practiced upon him by defendant, that he was misled by any intentional concealment of the truth to his detriment in this regard, or did not understand the conditions upon which such settlement was effected.

It would serve no useful purpose to review the testimony or rulings of the trial court in this respect, since it is very clear that an es-

sential element to establish the fraud upon which the plaintiff elected to stand, viz., the intentional misrepresentations by which the settlement is alleged to have been secured (scienter), was not made to appear. This determinative issue upon which the plaintiff rested his claim to set aside the settlement having failed, the direction of the verdict in defendant's favor was right, and the order appealed from must be affirmed.

